**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

TRUSTEES OF THE IRONWORKERS                  :
LOCAL UNION NO. 16 PENSION PLAN;             :
TRUSTEES OF THE IRONWORKERS                  :
LOCAL UNION NO. 16 HEALTH FUND;              :          **COMPLAINT**
TRUSTEES OF THE IRONWORKERS                  :
LOCAL NO. 5 APPRENTICE FUND;                 :
TRUSTEES OF THE IRONWORKERS                  :
LOCAL NO. 16 VACATION FUND                   :
8600 LaSalle Road, Suite 600                 :
Towson, MD 21286                             :
                                             :
         and                                 :
                                             :
IRONWORKERS INDUSTRY                          :
ADVANCEMENT FUND                             :
8600 LaSalle Road, Suite 600                 :
Towson, MD 21286                             :
                                             :
         and                                 :
                                             :
IRONWORKER-MANAGEMENT                         :
PROGRESSIVE ACTION                           :
COOPERATIVE FUND                             :
8600 LaSalle Road, Suite 600                 :
Towson, MD 21286                             :
                                             :
TRUSTEES OF THE MID-ATLANTIC                  :
STATES DISTRICT COUNCIL                       :
PARTICIPATING LOCALS ANNUITY                  :
FUND                                         :
3321 Shenandoah Avenue, NW                    :
Roanoke, Virginia 24017                      :
                                             :
         and                                 :
                                             :
LOCAL UNION NO. 5 OF THE                      :
INTERNATIONAL ASSOCIATION OF                  :
BRIDGE, STRUCTURAL AND                        :
ORNAMENTAL IRONWORKERS                        :
9100 Old Marlboro Pike                       :
Upper Marlboro, MD 20772                     :

|                                              |   |
|----------------------------------------------|---|
|      Plaintiffs     | : |
|                                              | : |
| v.                                           | : |
|                                              | : |
| MIRACLE STEEL INC.                           | : |
| 5006 Lenker Street                           | : |
| Mechanicsburg, PA 17050-3022                 | : |
|                                              | : |
| Serve:  Omar Barron                          | : |
|      5006 Lenker Street | : |
|      Mechanicsburg, PA 17050-3022 | : |
|                                              | : |
|      Defendant.     | : |

## COMPLAINT

(TO COLLECT CONTRIBUTIONS, DAMAGES AND INTEREST DUE PURSUANT TO
ERISA AND TO COLLECT OTHER AMOUNTS DUE UNDER A COLLECTIVE
BARGAINING AGREEMENT)

## PARTIES

1. The Ironworkers Local Union No. 16 Pension Plan, the Ironworkers Local Union No. 16 Health Fund, the Ironworkers Local No. 5 Apprentice Fund, and the Ironworkers Local No. 16 Vacation Fund (collectively, the "Local 16 Funds") are employee benefit plans as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(3).   The Local 16 Funds were established by the Ironworkers Glaziers Employers Association ("IGEA") and the Bridge, Structural, Ornamental & Reinforcing Iron Workers, Local No. 16 ("Local 16") whose successor is Local Union No. 5 of the International Association of Bridge, Structural and Ornamental Iron Workers (hereinafter "Union" or "Local 5").   The Local 16 Funds are governed by Agreements and Declarations of Trust that provide for the establishment of trust funds for the purpose of providing fringe benefits to iron worker employees.   These employee benefit plans are funded by employer contributions pursuant to collective bargaining agreements negotiated by Local 16 or its successor, Local 5.

The Local 16 Funds are administered at 8600 LaSalle Road, Suite 600, Towson, Maryland 21286.

2.      Plaintiff Mid-Atlantic States District Council Participating Locals Annuity Fund ("Annuity Fund") is an employee benefit pension plan as that term is defined in section 3(3) of ERISA, 29 U.S.C. § 1002(3).  The Annuity Fund is established and maintained according to the provisions of its Agreement and Declaration of Trust, and is the successor trust to the Ironworkers Local No. 16 Annuity Plan.  The Annuity Fund is administered at 3321 Shenandoah Avenue, Roanoke, Virginia 24017.

3.      The Plaintiff Trustees of the Local 16 Funds and the Annuity Fund are the trustees and administrators of their respective Funds, (all five ERISA Funds collectively referred to herein as the "Ironworker Funds") designated in accordance with the Agreements and Declarations of Trust governing the each Ironworker Fund.  The Trustees are fiduciaries as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21) and the "named fiduciaries" as defined in Section 402(a)(2) of ERISA, 29 U.S.C. § 1102(a)(2).

4.      Plaintiffs Ironworker Industry Advancement Fund and Ironworker-Management Progressive Action Cooperative Fund (collectively "Industry Funds") are established for the purpose of promoting and fostering the unionized iron working industry and are funded through employer contributions required pursuant to Local 5's collective bargaining agreements.

5.      Plaintiff Local Union No. 5 of the International Association of Bridge, Structural, and Ornamental Iron Workers (hereinafter "Union" or "Local 5") is an unincorporated labor organization as that term is defined in Section 2(5) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 152(5). Local 5 is the successor to Local 16, Local 16 having been merged into Local 5 effective January 3, 2017.  Local 5 is located at 9100 Old Marlboro Pike,

Upper Marlboro, Maryland 20772 and has jurisdiction to represent iron workers in the Washington D.C. and Baltimore metropolitan areas and surrounding counties.

6.      Defendant Miracle Steel, Inc. is a corporation organized under the laws of the State of Pennsylvania with an office located at 5006 Lenker Street in Mechanicsburg, Pennsylvania. Defendant Miracle Steel transacts business in the State of Maryland as an iron contractor or subcontractor in the construction industry. At all times Miracle Steel was an employer in an "industry affecting commerce" as described in the LMRA, 29 U.S.C. §§ 142(1), (3), and 152(2), ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## JURISDICTION

7.      This Court has subject matter jurisdiction over this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3),(f), (g) and 1145, and under Section 301 of the LMRA, 29 U.S.C. § 185.

8.      This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

9.      Venue is proper in this district pursuant to Sections 502(e)(2) of ERSIA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

## STATEMENT OF FACTS

10.     Miracle Steel entered into a collective bargaining agreement ("CBA") with Local 5 on or about November 14, 2017.  The CBA establishes terms and conditions for employment of journeymen and apprentices employed by the Defendant.

11.     By signing the CBA, Miracle Steel agreed to be bound to the terms of the Agreements and Declarations of Trust and Agreements establishing the Ironworker Funds.

4

12.     Pursuant to the CBA, Miracle Steel agreed to pay the Ironworker Funds (or their predecessor funds) certain sums of money for each hour worked by its employees covered by the CBA.

13.     Pursuant to the CBA, Miracle Steel agreed to make certain payments to the Industry Funds for each hour worked by each of the employees covered by the Agreement and also agreed to deduct union dues and other amounts from its employees' wages and remit those amounts to Local 5 or its predecessor, Local 16. (All contributions, deductions, and other payments owed to the Ironworker Funds, Industry Funds, and Local 5 are hereinafter referred to collectively as "Contributions.")

14.     Under the CBA and the Agreements and Declarations of Trust established the Ironworker Funds, employers are obligated to submit monthly payments along with monthly remittance reports identifying hours worked by the employees covered by the CBA and the amount of Contributions due for each employee.  Contributions are due by the 15th of each month following the month in which the employees work.  An employer is in default if contributions are not received within the applicable time period.

15.     Miracle Steel employed iron workers covered by the CBA from at least September 2016 to the present.

<u>**CAUSE OF ACTION**</u>

Plaintiffs hereby re-allege and incorporate by reference paragraphs one through fifteen of the Complaint.

16.     Miracle Steel has failed to pay Contributions in full for work performed in the months of August 2017 through August 2018.

17.     Miracle Steel owes the Plaintiffs Contributions of at least $206,424.91 for work performed in the months of August 2017 through August 2018.

18.     Miracle Steel has failed to submit is report or pay contributions for the month of September 2018; the amount owed for this month is past due but unknown because of the failure to submit a report identifying hours worked and amounts owed.

19.     By virtue of the failure to pay Contributions as required by the CBA, Miracle Steel has breached the CBA as well as its obligations under the Ironworkers Funds' Restated Agreements and Declarations of Trust and section 515 of ERISA, 29 U.S.C. § 1145.

20.     In addition to the Contributions owed, Miracle Steel failed to pay Contributions owed for the work months of September 2016 and November 2016 through July 2017 in a timely manner.

21.     Pursuant to the Agreement and Declarations of Trust and Agreements establishing the Local 16 Funds, an employer who fails to pay the amounts required by the due date owes, in addition to the delinquent Contributions, liquidated damages at a rate of 10% of the amount of contributions owed.

22.     Pursuant to the CBA and Agreement and Declaration of Trust establishing the Annuity Fund, an employer who fails to pay the amounts required by the date due owes, in addition to the delinquent Contributions, liquidated damages at the rate of 20% of the amount of Contributions owed.

23.     Pursuant to the CBA and the Agreements and Declarations of Trust establishing the Ironworker Funds, an employer who fails to pay the amounts required by the date due owes, in addition to the delinquent Contributions and liquidated damages, interest on the unpaid Contributions at the rate of 12% per annum from the date due through the date of payment.

24.     Pursuant to the above-referenced provisions, Miracle Steel owes liquidated damages on late and delinquent contributions to the Ironworker Funds in the amount of at least $45,497.64.  Additional liquidated damages are due on unreported and unpaid Contributions.

25.     Interest is owed on all delinquent and late Contributions and will continue to accrue until all delinquent Contributions are paid.

26.     The CBA and the Restated Agreements and Declarations of Trust further provide that a delinquent employer shall pay reasonable attorneys' fees and costs incurred by the Ironworker Funds in collecting delinquent Contributions.

27.     Pursuant to the CBA and the Restated Agreements and Declarations of Trust, Plaintiffs are entitled to audit contributing employers, at any time, to determine if they are remitting the proper amount of Contributions.

**WHEREFORE,** the Plaintiffs pray judgment against Miracle Steel, Inc. as follows:

A.      For unpaid contributions due and owing to the Plaintiffs for the period of August 2017 to August 2018 in the amount of at least $206,424.91;

B.      For unpaid contributions for the month of September 2018 in an amount currently unknown due to Defendant's failure to timely submit a report identifying the amount owed.

B.      For liquidated damages of at least $45,497.64 to date and for additional liquidated damages at the rate of 10% of the amount due on unreported Contributions to the Local 16 Funds and at the rate of 20% of the amount due on unreported Contributions to the Annuity Fund;

C.      For interest on the delinquent Contributions at the rate of 12% per annum, assessed from the date Contributions are due until the date paid;

D.      For contributions, if any, that become due after the filing of this lawsuit and up to the date of judgment, plus interest and liquidated damages on any such Contributions;

E.      For an audit of Defendant's payroll and related records to determine the amounts due to Plaintiffs;

F.      For costs and attorneys' fees pursuant to the CBA, Restated Agreements and Declarations of Trust and 29 U.S.C. § 1132(g); and

G.      For such other relief as the Court may deem appropriate.

Respectfully submitted,

Dated: November 5, 2018              By: _____/s/_____
                                     Francis J. Martorana (Bar No. 05121)
                                     Diana R. Cohn (Bar No. 18988)
                                     **O'DONOGHUE & O'DONOGHUE LLP**
                                     5301 Wisconsin Avenue, N.W. Suite 800
                                     Washington, D.C. 20015
                                     Telephone: (202) 362-0041
                                     Facsimile: (202) 362-2640
                                     fmartorana@odonoghuelaw.com
                                     dcohn@odonoghuelaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with requirements of Section 502(h) of the Employee Retirement Incomes Security Act  of 1974, 29 U.S.C. § 1132(h) on this 5th day of November 2018 on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC:TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC  20224
>
> Secretary of Labor
> 200 Constitution Ave., N.W.
> Washington, DC  20210
>
> Attention:  Assistant Solicitor for
> Plan Benefits Security

> By: _____/s/_____
> Diana R. Cohn (Bar No. 18988)
> **O'DONOGHUE & O'DONOGHUE LLP**
> 5301 Wisconsin Avenue, N.W. Suite 800
> Washington, D.C. 20015
> Telephone: (202) 362-0041
> Facsimile: (202) 362-2640
> dcohn@odonoghuelaw.com

314813_1